| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

SAMMY URBANO LEOS, §
§
    Petitioner, §
§
*versus* §   CIVIL ACTION NO. 1:05-CV-427
§
UNITED STATES GOVERNMENT, §
§
    Respondent. §

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Sammy Urbano Leos, an inmate at the Stiles Unit, proceeding *pro se*, brought this petition for writ of mandamus.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends petitioner's petition be dismissed as barred, pursuant to 28 U.S.C. § 1915(g).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections are without merit. Petitioner has failed to state, with specificity, any factual basis for his allegations of being in imminent danger of serious physical injury.

Additionally, petitioner's petition for writ of mandamus is without merit. Petitioner brings this petition for writ of mandamus against the United States Government attempting to circumvent the restrictions imposed by 28 U.S.C. § 1915(g) prohibiting prisoners from proceeding *in forma pauperis* if they have had three actions or appeals dismissed as frivolous, malicious, or for failure to state a claim. Petitioner states that the statute denies indigent prisoners due process and should be abolished. However, the three strikes section of 28 U.S.C. § 1915 does not block access to the courts, as would violate due process. *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997).[1]

O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

SIGNED at Beaumont, Texas, this 10th day of March, 2006.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[1] To the extent petitioner seeks a petition for writ of mandamus against state prison officials, the writ of mandamus in civil actions in the federal district courts is abolished pursuant to FED. R. CIV. P. 81(b). Relief in the nature of mandamus is confined to situations where it is in necessary aid of the court's jurisdiction. *Covington & Cincinnati Bridge Co. v. Hager*, 203 U.S. 109, 110, 27 S.Ct. 24 (1906). Federal mandamus applies to officers, employees, and agencies of the United States. It does not apply to officers, employees, and agencies of states. 28 U.S.C. § 1361; *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *Anderson v. Beto*, 469 F.2d 1076 (5th Cir. 1972) ("federal courts have no general power to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought"). As a result, this court does not have jurisdiction to entertain petitioner's claims and may not issue a writ of mandamus in this matter.